EL PUEBLO, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción de una ordenanza municipal.

No. 1865.—Resuelto en marzo 30, 1922.

AUTOMÓVILES—VELOCIDAD—ORDENANZA MUNICIPAL IRRAZONABLE.—Una ordenanza municipal que fija como límite máximo de velocidad para los automóviles que transiten en la zona urbana "una velocidad que no exceda del paso natural de una persona," sin referencia alguna a las condiciones del tráfico u otras restricciones es irrazonable.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. S. León Lugo.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Ventura Rodríguez establece apelación contra una sentencia que lo declara culpable de infringir una ordenanza aprobada por el municipio de Juana Díaz, que fija como límite

máximo de velocidad para los automóviles dentro de la zona urbana una velocidad que no exceda "del paso natural de una persona." Asumiendo en favor de la validez de la ordenanza y a los fines de la discusión solamente que con esto se quiere decir "el paso ordinario de un viandante," refiriéndonos al caso de *El Pueblo* v. *Nochera,* 23 D. P. R. 605, tal reglamentación podría considerarse razonable si estuviera limitada a los cruces de las calles o al doblar las esquinas. Podemos agregar de paso, sin embargo, que la cuestión promovida y resuelta en el caso de Nochera no envolvía la razonabilidad del tipo de velocidad como tal, sino la suficiencia o insuficiencia por razón de la incertidumbre de la norma de comparación por la cual la mayor velocidad había de determinarse. En este caso la cuestión es si una pequeña villa cruzada por un camino insular, sin referencia alguna a las esquinas o cruces de las calles u otras limitaciones, puede ordenar que ningún automóvil dentro de la zona urbana irá más ligero que como iría ordinariamente un viandante.

"A falta de una prohibición expresa o implícita decretada por la Legislatura, una municipalidad puede aprobar ordenanzas que fijen dentro de límites razonables la velocidad a que pueden ir los vehículos de motor dentro de su demarcación, y está dentro de las atribuciones de un Concejo Municipal el prescribir diferentes grados de velocidad para los automóviles en las distintas partes de la ciudad de acuerdo con el ancho de las calles, el uso de las mismas, y la densidad de la población. Una ordenanza de un municipio que limita la velocidad de los automóviles a diez millas por hora, se ha resuelto que no es irrazonable, y lo mismo en el caso de una ordenanza que fija la mayor velocidad en siete millas por hora, especialmente cuando este límite de velocidad es aplicable solamente a aquellas partes de una ciudad donde hay edificaciones. Las cortes también han sostenido como razonables las ordenanzas de una ciudad que limitan la velocidad de automóviles a seis millas por hora en calles de ciudades entre cruces, y a cuatro millas por hora en los cruces." 2 R. C. L., página 1178, sec. 12.

Dado el tamaño del pueblo, las condiciones envueltas en

los negocios y tráfico, la longitud de su calle principal, los cruces que relativamente son cortos en número y poco usa-dos y el paso natural de un viandante en nuestra latitud, materias de las cuales en su aspecto general debemos tomar conocimiento judicial, apenas si sería procedente ir más allá de lo que sugiere el texto legal arriba citado, como debido límite de velocidad.

Dentro de las circunstancias, la ordenanza por su faz debe ser considerada como irrazonable y por tanto la con-dena basada en su infracción no puede subsistir.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente del Toro y Asocia-dos Wolf y Aldrey.